UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREEN GAS SERVICES, LLC,

                Plaintiff,

v.

INTEGRATED GAS RECOVERY SERVICES INC.,
and STARK COMPRESSION, LLC,

                Defendants.

**COMPLAINT**

Civil Action No. _____

---

Plaintiff, Green Gas Services, LLC ("Green Gas"), by and through counsel undersigned, as and for its Complaint against defendants Integrated Gas Recovery Services Inc. and Stark Compression, LLC ("Defendants"), alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Green Gas is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah.

2. Upon information and belief, defendant Integrated Gas Recovery Services Inc. ("IGRS") is a foreign corporation incorporated in Ontario, Canada.

3. Upon information and belief, Defendant Stark Compression, LLC ("Stark") is a limited liability company organized and existing under the laws of the State of Delaware.

4. Upon information and belief, Stark was at all relevant times authorized to conduct business in the State of New York, maintained a principal place of business at 91 Sawyer Avenue, Tonawanda, New York, and regularly conducted business in Erie County, New York.

5. The causes of action arise out of a dispute between the parties related to a construction project located in Niagara Falls, Canada (the "Project").

6. Jurisdiction is proper in this Court pursuant to 28 U.S. Code § 1332(a)(3) because the amount in controversy exceeds $75,000 and:

      a.      Green Gas and Stark are citizens of different States (Utah and Delaware, respectively); and

      b.      IGRS is citizen or subject of a foreign state (Canada).

7.      Venue is proper in this Court pursuant to 28 U.S. Code § 1391(c)(2), (3) and/or (d).

## FACTUAL BACKGROUND

8.      Green Gas incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint as if fully set forth herein.

9.      Green Gas is a business primarily involved in building gas upgrading systems.

10.      On or around July 7, 2023, Green Gas entered into a contract (the "Contract") with Stark to provide startup assistance to IGRS's new system in Niagara Falls, Canada, as set forth in written correspondence from Stark to Green Gas referencing Stark PO #J-006-1134183. A copy of the July 7, 2023 correspondence is attached hereto and incorporated herein as "**Exhibit A**."

11.      On or about July 7, 2023, representatives of Green Gas and Stark communicated by email regarding the Contract and billing schedule. Stark emailed Green Gas a copy of the IGRS Scope of Supply Requirements for the Project ("SSR"), a copy of which is attached hereto and incorporated herein "**Exhibit B**."

12.      Upon information and belief, prior to entering into the Contract, Stark had acquired the company that had sold a gas system to IGRS and was arranging for Green Gas's services under the Contract to be paid for by IGRS.

13.      Stark requested that Green Gas send all invoices to IGRS and communicated IGRS's request for a biweekly billing arrangement.

14.      In the summer and fall of 2023, Green Gas representatives made several trips to the Project jobsite to perform aftersales services per the Contract.

15. Green Gas followed Stark's billing instructions by sending periodic invoices via email to IGRS with payment due thirty days from the receipt of each invoice and received payments on certain invoices from IGRS via check.

16. Green Gas made four trips to the jobsite to perform Project-related services under the Contract for which it issued four invoices to IGRS that were not paid, identified as invoices #257, #273, #281, and #291, copies of which are attached hereto and incorporated herein as "**Exhibit C**."

17. On or around December 4, 2023, Green Gas sent Invoice #311 to IGRS in the amount of $119,523.66, which reflects the total of the four invoices previously billed to IGRS (see Exhibit C). A copy of Invoice #311 is attached hereto and incorporated herein as "**Exhibit D**."

18. On February 12, 2024, Green Gas Project Coordinator Billy Mitchell emailed another copy of Invoice #311 (Exhibit D) from his company email address, reminding IGRS that payment to Green Gas was past due.

19. Upon information and belief, IGRS is affiliate with a Canadian business known as Walker Industries, and employees with whom Green Gas communicated primarily used their Walker Industries email addresses.

20. Upon information and belief, on or about February 14, 2024, the email chain between Green Gas and IGRS was infiltrated by an email impersonation hacker whose actual identity is unknown.

21. Over the next several days, the unknown person or persons impersonated Mr. Mitchell by sending emails from a similar email address – which appeared to be the same as Mr. Mitchell's actual email address, but with the addition of ".us" – with the hacker providing wire payment instructions to IGRS, purportedly to pay invoice #311.

22. Upon information and belief, IGRS fell for the scam, did not contact Mr. Mitchell or other Green Gas representatives by telephone to confirm the wire payment instruction and -- although previous invoices had always been paid by check -- wired the requested funds to the hacker's account without Green Gas being aware thereof.

23. After discovering its mistake, IGRS told Green Gas it would perform an audit to determine if the breach in security originated from IGRS's or Green Gas's system, although IGRS never provided any information to suggest the security breach was precipitated by Green Gas or its representatives, and ultimately, IGRS ceased communicating with Green Gas.

24. Given the protracted non-payment and failure to communicate by IGRS, Green Gas requested that Stark make or facilitate payment of the outstanding Contract balance due, although after months of communication, Stark also failed and refused to pay Green Gas the funds owed.

25. Despite multiple requests by Green Gas to both IGRS and Stark to pay the remaining Contract balance due as reflected in Invoice #311 (Exhibit D), neither of the Defendants has made payment, which remains due to Green Gas in the amount of $119,523.66.

## COUNT I: BREACH OF CONTRACT
### (against all Defendants)

26. Green Gas restates and realleges all prior paragraphs as if fully set forth herein.

27. Green Gas timely and satisfactorily furnished all services, labor, materials, and/or equipment to Stark and IGRS for the benefit of the Project in accordance with the Contract.

28. The Contract constituted a valid and binding contract between Green Gas and Stark.

29. The Contract constituted a valid and binding contract between Green Gas and IGRS, which assumed payment obligations arising under the Contract.

30. Stark and IGRS have each materially breached their obligations under the Contract by failing to pay Green Gas in full for the services, labor, materials, and/or equipment provided to Defendants and the Project.

31. All conditions precedent to Green Gas becoming entitled to payment under the Contract were fulfilled and/or waived by the Defendants.

32. As a result of said breach, Defendants are jointly and severally indebted to Green Gas for services, labor, materials, and/or equipment furnished by Green Gas and accepted by Defendants in the amount of at least $119,523.66, plus interest at the rate of at least 10% per annum, attorneys' fees, and costs as authorized by the Contract and/or applicable law.

### COUNT II: Unjust Enrichment/Quantum Meruit
### (against all Defendants)

33. Green Gas restates and realleges all prior paragraphs as if fully set forth herein.

34. Green Gas furnished services, labor, materials, and/or equipment which has conferred a reasonable value upon Defendants.

35. Green Gas provided the valuable services, labor, materials, and/or equipment with the reasonable expectation of being compensated therefor in an amount equal to the reasonable value thereof, and has not acted as a volunteer or intermeddler with respect thereto.

36. Defendants, or others for whom Defendants acted, will be unjustly enriched and Green Gas impoverished by Defendants' failure to pay the uncontested amount of invoice #311 of $119,523.66, together with interest accruing thereupon, and inequity will result unless Defendants are compelled to pay such amounts to Green Gas.

### COUNT III: Account Stated
### (against all Defendants)

37. Green Gas restates and realleges all prior paragraphs as if fully set forth herein.

38.     Green Gas delivered to the Defendants invoices for the amounts due for services, labor, materials, and/or equipment rendered to the Project, which were previously invoiced separately and remained unpaid by Defendants.

39.     Upon Defendants' failure to pay, Green Gas sent Invoice #311 (Exhibit D) to Defendants in the amount of $119,523.66, which reflected the total amounts invoiced and unpaid by Defendants.

40.     Neither Defendant objected to the statement of account reflected in Invoice #311, and neither Defendant objected to the validity or accuracy of Green Gas's statement of the account of outstanding balance due from Defendants.

41.     Green Gas has stated an account against Defendants in the amount of $119,523.66, and is entitled to recover this amount, jointly and severally, from the Defendants, together with interest thereupon.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Green Gas Services, LLC respectfully requests that the Court enter judgment in its favor and against the defendants, Integrated Gas Recovery Services Inc. and Stark Compression, LLC, and prays that the Court grant relief as follows:

A.      As to the First Cause of Action for Breach of Contract, for a judgment against Defendants, jointly and severally, in the amount of $119,523.66, plus continuing interest (pre- and post-judgment) from the date on which the debt(s) became due until paid in full, together with costs, disbursements, and attorneys' fees incurred in collecting said past due amounts as provided by the Contract and/or applicable law;

B.      As to the Second Cause of Action for Unjust Enrichment/Quantum Meruit, alleged in the alternative, for a judgment against the Defendants, jointly and severally, in the amount of

$119,523.66, plus continuing interest (pre- and post-judgment) until paid in full, together with Green Gas's costs, disbursements, and attorneys' fees incurred in collecting said past due amounts as provided by law or permitted in equity;

  C. As to the Third Cause of Action for Account Stated, for a judgment against Defendants, jointly and severally, for an account stated in the amount of $119,523.66, plus continuing interest (pre- and post-judgment) until paid in full; and

  D. For such other and further relief as the Court deems just and proper.

Dated: July 18, 2025        **HARTER SECREST & EMERY LLP**

            By: _____
              Jessica A. Myers, Esq.
              *Attorneys for Plaintiff,*
              *Green Gas Services, LLC*
              50 Fountain Plaza, Suite 1000
              Buffalo, New York 14202
              Telephone: (716) 853-1616